# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 18-mj-3060 RNB DMS |
|---|---|
| Plaintiff, | **ORDER AFFIRMING JUDGMENT OF CONVICTION** |
| v. | |
| MARIA DEL ROCIO FLORES-OLVERA, | |
| Defendant. | |

This matter comes before the Court on Defendant Maria Del Rocio Flores-Olvera's appeal of the judgment of conviction entered by Magistrate Judge Robert N. Block following her guilty plea to a misdemeanor offense of eluding examination and inspection by immigration officers in violation of 8 U.S.C. § 1325(a)(2). Defendant seeks to set aside her plea based on alleged violations of Federal Rule of Criminal Procedure 11. For the following reasons, the judgment is affirmed.

## I.
## BACKGROUND

On June 6, 2018, a Complaint was filed charging Defendant with eluding examination and inspection by immigration officers in violation of 8 U.S.C. § 1325(a)(2). At the change of plea hearing on June 18, 2018, Defendant pleaded guilty to the charge without a plea agreement. Before accepting the guilty plea, the

Magistrate Judge advised Defendant of the elements of the charged offense and the factual basis for the plea. Defendant affirmed she understood the elements of the offense and admitted the factual basis for the plea. Defendant did not raise any objections to the plea. The Magistrate Judge imposed a time served sentence with no fines or special assessment. On June 26, 2018, Defendant filed a notice of appeal.

## II.
## LEGAL STANDARD

This appeal centers on Federal Rule of Criminal Procedure 11, which governs the process for entering pleas and sets forth requirements for a court's acceptance of a guilty plea. "Generally, 'where, as here, the defendant failed to raise the Rule 11 violation before the trial court,'" the court "review[s] the alleged error under the plain-error standard." *See United States v. Myers*, 804 F.3d 1246, 1256 (9th Cir. 2015); *see also United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003) ("Because [defendant] did not object below to the Rule 11 colloquy, his conviction may be reversed for Rule 11 error only if the district court committed plain error.") (citations omitted). While the Ninth Circuit has recognized certain exceptions to this general rule, such as "when a timely objection 'was either unlikely or futile[,]'" *Myers*, 804 F.3d at 1256 (quoting *United States v. Kyle*, 734 F.3d 956, 962 (9th Cir. 2013)), or "'where the appeal presents a pure question of law[,]'" *United States v. Yijun Zhou*, 838 F.3d 1007, 1011 (9th Cir. 2016) (quoting *United States v. Gonzalez–Aparicio*, 663 F.3d 419, 426 (9th Cir. 2011)), none of these exceptions applies here. Accordingly, the Court reviews Defendant's unpreserved Rule 11 claims for plain error. *See Yijun Zhou*, 838 F.3d at 1012 (applying plain error to unpreserved Rule 11(b) claim involving mixed question of law and fact).

"Under the plain error standard, relief is not warranted unless there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Chavez-Cuevas*, 862 F.3d 729, 733–34 (9th Cir. 2017) (citing

*Gonzalez–Aparicio*, 663 F.3d at 428). Plain error "'is error that is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection.'" *Gonzalez-Aparicio*, 663 F.3d at 428 (quoting *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997)). Where, as here, a defendant "seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, [he] must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

## III.
## DISCUSSION

Defendant requests the Court to vacate her guilty plea on grounds that the Magistrate Judge violated Rule 11(b) by: (1) failing to determine whether there was a sufficient factual basis for the plea and (2) failing to properly inform Defendant about the nature of the charged offense.

### A.  Rule 11(b)(3)

Defendant initially argues the Magistrate Judge violated Rule 11(b)(3) by accepting her guilty plea even though the underlying factual basis was inadequate. Before entering judgment on a plea, a court must "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "To satisfy this requirement, '[t]he judge must determine that the conduct which the defendant admits constitutes the offense charged … to which the defendant has pleaded guilty.'" *United States v. Jones*, 472 F.3d 1136, 1140 (9th Cir. 2007) (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)) (internal quotation marks omitted).

Defendant contends a violation of § 1352(a)(2) can only occur at a designated place, *i.e.*, a port of entry, but the factual basis of the plea only established that she entered at a non-designated place. Under 8 U.S.C. § 1325(a), an alien who "(1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by

immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact" is guilty of a misdemeanor. The plain language of § 1325(a)(2) does not limit the conduct of eluding examination or inspection to a port of entry. A defendant eludes inspection when he gains entry into the United States "through an unlawful point" and does not submit to examination at the time of the entry. *See United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193–94 (9th Cir. 1979) (stating defendant entered illegally under § 1325(a)(2) when "he did not enter at an officially designated border checkpoint, he never presented himself for the medical examination and inspection required of all entering aliens."). Indeed, courts in this District have held "[t]here is no requirement in § 1325(a)(2) that the act of eluding examination or inspection by an immigration officer take place at a designated port of entry." *United States v. Flores-Ramos*, No. 18MJ2665 WQH, 2018 WL 3833488, at *3 (S.D. Cal. Aug. 13, 2018); *see also United States v. Perez-Martinez*, No. 18MJ02495RNBBAS1, 2018 WL 3816907, at *2–3 (S.D. Cal. Aug. 8, 2018) ("The Court rejects defense counsel's premise that a violation of subsection (a)(2) of § 1325 requires entry at a port of entry."); *United States v. Ochoa-Delgado*, No. 18MJ3457 AJB, 2018 WL 4002712, at *4 (S.D. Cal. Aug. 22, 2018) (similar). The Court finds the reasoning of these courts persuasive.

Next, Defendant contends the factual basis is insufficient because it did not establish that she intentionally eluded examination. Although § 1325(a)(3) requires that a defendant willfully make a false or misleading representation or willfully conceal a material fact, § 1325(a)(2) has no similar intent requirement. *Perez-Martinez*, 2018 WL 3816907, at *3; *Ochoa-Delgado*, 2018 WL 4002712, at *4. Nor has the Ninth Circuit read such a requirement into the statute's text. *See Rincon-Jimenez*, 595 F.2d 1193–94. As the Ninth Circuit put it, "the offense described" by subsection (a)(2) "is consummated at the time an alien gains entry though an unlawful point and does not submit to . . . examinations" required by law. *Id.*

Defendant further contends there is insufficient factual basis because there were no facts to show she crossed into the United States free from official restraint. Contrary to Defendant's argument, although § 1325(a)(1) requires proof of entry and freedom from official restraint, § 1325(a)(2) does not have such requirement. *See United States v. Baca-Carcamo*, No. 18MJ3223 WQH, 2018 WL 3833424, at *3 (S.D. Cal. Aug. 13, 2018); *Ochoa-Delgado*, 2018 WL 4002712, at *4. Consequently, a plea of guilty to a violation of § 1325(a)(2) does not require Defendant to admit facts to support the conclusion that she was free from official restraint. The offense described in § 1325(a)(2) requires facts to support the conclusion that an alien has eluded examination and inspection by immigration officers.

Here, Defendant has admitted she was not a citizen of the United States and "[o]n or about June 5th, 2018, Defendant entered the U.S. from Mexico at a time and place other than as designated by immigration officers. The Defendant was apprehended by border patrol agents approximately 18 miles east of the Tecate Port of Entry and a quarter mile north of the U.S./Mexico international boundary." (ECF No. 18 at 13–14.) That is a sufficient factual basis. The Magistrate Judge therefore did not violate Rule 11(b)(3) by accepting Defendant's plea.

**B.   Rule 11(b)(1)(G)**

Next, Defendant argues the Magistrate Judge violated Rule 11(b)(1)(G) by failing to properly inform Defendant about the nature of the charged offense because he "confusingly combined the elements of § 1325(a)(1), (a)(2), and (a)(3) into a single offense[.]" (Opening Br. at 12.) Moreover, Defendant claims the Magistrate Judge failed to ensure Defendant understood the elements, which concerned technical legal concepts requiring greater explanation. Pursuant to Rule 11(b)(1)(G), during a plea colloquy, "the court must inform the defendant of, and determine that the defendant understands ... the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). "In order to comply with [Rule]

11(b)(1)(G), the district court must advise the defendant of the elements of the charge and must ensure that the defendant understands them." *United States v. Mamea*, 101 F. App'x 232, 233 (9th Cir. 2004) (citing *United States v. Minore*, 292 F.3d 1109, 1115 (9th Cir. 2002)).

The record indicates the Magistrate Judge informed Defendant that she was charged as follows: "On or about June 5th, 2018, within the Southern District of California, Defendant Maria Del Rocio Flores-Olvera, an alien, did knowingly elude examination and inspection by immigration officers, a misdemeanor, in violation of Title 8 United States Code Section 1325(a)(2)." (ECF No. 18 at 13.) The Magistrate Judge also recited the elements of the offense as follows:

> First, Defendant was at the time of the offense an alien, that is a person who is not a natural born or naturalized citizen or a national of the United States. And, second, Defendant knowingly and voluntarily entered or attempted to enter the United States at a time and place other than as designated by immigration officers of the United States, intentionally eluded examination or inspection by immigration officers of the United States or attempted to enter or obtain entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact.

(ECF No. 18 at 12–13.) The Magistrate Judge's explanation of the charge and its elements was sufficient to convey the nature of the charge. Defendant understood she was pleading guilty to eluding examination and inspection in violation of § 1325(a)(2). Defendant affirmed she understood the requisite elements and admitted the factual basis for the plea. The Magistrate Judge therefore did not violate Rule 11(b)(1)(G). *See Perez-Martinez*, 2018 WL 3816907, at *3 (rejecting the defendant's argument that a magistrate judge's recitation of elements for all three subsections of § 1325 when he was only pleading guilty to one subsection was confusing); *see also United States v. Ochoa-Delgado*, No. 18MJ3457 AJB, 2018 WL 4002712, at *5 (S.D. Cal. Aug. 22, 2018) (similar). In any event, Defendant has failed to establish a reasonable probability that, but for the error, she would not have

entered the plea.

## IV.
## CONCLUSION

For the foregoing reasons, the judgment of conviction is affirmed. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: September 10, 2018

Hon. Dana M. Sabraw
United States District Judge